UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keshav Keshav<br>(A-Number: A-241-419-637),<br><br>    Petitioner,<br><br>  v.<br><br>TONYA ANDREWS, Administrator of<br>Golden State Annex; TODD LYONS,<br>Acting Director of Immigration and<br>Customs Enforcement; MARKWAYNE<br>MULLIN, Secretary of the U.S. Department<br>of Homeland Security; TODD BLANCHE,<br>Attorney General of the United States,<br><br>    Respondents. | No. 1:26-cv-03535-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>BOND HEARING WITHIN FOURTEEN<br>DAYS<br><br>Doc. 1 |

   Petitioner Keshav Keshav is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by claim one of the petition. *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No.

1

1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. Respondents state that the "legal issues in this case regarding detention under § 1225 versus § 1226 are not substantively distinguishable . . . [and] the facts of this case are not materially or substantively distinguishable from the facts presented in the cases previously referenced by the Court."[1] Doc. 8 at 1. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–8.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026), *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Keshav Keshav (A-Number: A-241-

---

[1] Respondents indicate that petitioner was arrested by local law enforcement and that he was re-detained by immigration officials after his release from criminal custody. Doc. 8 at 2. Respondents do not argue that petitioner's prior arrest or conviction shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c). While petitioner's prior arrest and/or conviction may be relevant to a neutral decisionmaker's determination at a bond hearing, they do not eliminate petitioner's due process right to such determination.

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2

419-637) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 21, 2026

_____
UNITED STATES DISTRICT JUDGE